THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-101-FL

| | |
|---|---|
| SHARON B. DODD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER AND MEMORANDUM ) AND RECOMMENDATION |
| BRUNSWICK COUNTY SCHOOLS, | ) ) ) |
| Defendant. | ) |

This matter comes before this court for review of an application to proceed *in forma pauperis* and complaint of Plaintiff Sharon B. Dodd ("Plaintiff") pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B). [DE-1]. In the view of this court, Plaintiff has demonstrated sufficient evidence of the inability to pay the required court costs. Accordingly, this court ALLOWS Plaintiff's motion to proceed *in forma pauperis*. However, for the reasons provided below, this court RECOMMENDS that the complaint be DISMISSED WITHOUT PREJUDICE.

## I. PLAINTIFF'S PROPOSED COMPLAINT

Plaintiff is a resident of Bolivia, North Carolina. Compl. at 1. Defendant is Brunswick County Schools, whom Plaintiff has identified as her current employer. *Id.* Through her proposed complaint Plaintiff seeks to assert a cause of action arising under Title VII of the Civil Rights Act of 1964 for employment discrimination. *Id.* In particular, Plaintiff claims she was discriminated against on the basis of her race by her employer on March 6, 2009 when Brunswick County Schools Director of Child Nutrition, Tina Ward, denied Plaintiff two job positions in Child Nutrition at the Supply Elementary School cafeteria. *Id.* at 2-4. Plaintiff seeks back pay and other damages. *Id.* at 5.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews her allegations in accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327, which include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328. Absent such allegations, "the initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in [her] favor." *Denton*, 504 U.S. at 32.

## III. ANALYSIS

Plaintiff has named "Brunswick County Schools" as the sole Defendant in this case.

2

Compl. at 1. "State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." *Hunter v. Wake County Bd. of Educ.*, No. 5:08-CV-62-D, 2008 WL 2695813, at *1 (E.D.N.C. Jul. 8, 2008) (quoting *Efird v. Riley*, 342 F.Supp.2d 413, 419-20 (M.D.N.C. 2004)). Brunswick County Schools is not a corporate entity subject to suit under North Carolina law. N.C. Gen. Stat. § 115C-40; *see Hunter*, No. 5:08-CV-62-D, 2008 WL 2695813, at *1 (holding that "Wake County Public Schools" was not a legal entity capable of being sued in federal court for alleged employment discrimination) (citing N.C. Gen. Stat. § 115C-40); *see also E.W. v. Wake County Bd. of Educ.*, No. 5:09-CV-198-FL, 2010 WL 1286218, at *4 n.2 (E.D.N.C. Mar. 30, 2010) ("Wake County Public Schools" is not a corporate entity subject to suit under North Carolina law.). Rather, the local board of education is the relevant corporate entity with the capacity under North Carolina law to sue and be sued. *Hunter*, No. 5:08-CV-62-D, 2008 WL 2695813, at *1; N.C. Gen. Stat. § 115C-40. Because Plaintiff has sued an entity not subject to suit, her complaint should be dismissed without prejudice. *See McLean v. United States*, 566 F.3d 391, 400-01 (4th Cir. 2009) (opining that in the context of a § 1915 suit a potentially meritorious claim particularly by a *pro se* litigant should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable).

## IV. CONCLUSION

For the reasons stated above, this court ALLOWS Plaintiff's application to proceed *in forma pauperis*. In addition, this court RECOMMENDS that the underlying complaint be DISMISSED WITHOUT PREJUDICE.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections.

Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED, this the 3rd day of June 2010.

Robert B. Jones, Jr.
United States Magistrate Judge