IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-101-FL

| | | |
|---|---|---|
| SHARON B. DODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRUNSWICK COUNTY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr., regarding plaintiff's motion to proceed *in forma pauperis* (DE # 2). The magistrate judge recommends that this court allow plaintiff to proceed *in forma pauperis*, but dismiss plaintiff's claim as frivolous. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

In her complaint, plaintiff seeks to assert a cause of action for employment discrimination. She identifies defendant as her employer and claims defendant discriminated against her on the basis of her race when she was denied two job positions in Child Nutrition as the Supply Elementary School cafeteria. Plaintiff has also moved to file the complaint *in forma pauperis*.

The magistrate judge reviewed plaintiff's motion to proceed *in forma pauperis* and her complaint pursuant to 28 U.S.C. § 1915. The magistrate judge then entered an M&R recommending that, although plaintiff should be allowed to proceed *in forma pauperis*, her complaint should be

dismissed as frivolous.

Pursuant to section 1915, a claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Though plaintiff's pro se complaint is entitled to a more liberal treatment than one drafted by an attorney, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327.

Here, the magistrate judge found that plaintiff's complaint seeks recovery from an entity not subject to suit. "Brunswick County Schools" is not an entity subject to suit under North Carolina state law. See Hunter v. Wake County Bd. of Educ., No. 5:08-CV-62-D, 2008 WL 2695813, at *1 (E.D.N.C. Jul. 8, 2008) (unpublished) (citing Efird v. Riley, 342 F. Supp. 2d 413, 419-20 (M.D.N.C. 2004)); N.C. Gen. Stat. § 115C-40. Rather, the local board of education is the relevant corporate entity with the capacity to be sued under North Carolina state law. As a result of these findings, the magistrate concluded that plaintiff's complaint should be dismissed.

After review of the complaint, the M&R, and the relevant case law, this court agrees with the magistrate judge. The conclusions reached in the M&R are supported by the controlling case law as applied to the facts of this case. Consequently, the court ADOPTS the M&R as its own, and, for the reasons stated therein, plaintiff's motion to proceed *in forma pauperis* is ALLOWED, and this matter is DISMISSED without prejudice. The clerk of court is directed to close the case.

SO ORDERED, this the 5 day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge